# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| K.C., ) | |
| ) | Civil Action No. 3:15-4670-MGL |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Department of Social ) | |
| Services (DSS), South Carolina ) | |
| Youth Advocate Program, Inc., ) | **MEMORANDUM IN OPPOSITION TO** |
| Growing Home Southeast, Inc., ) | **PLAINTIFF'S MOTION TO** |
| Growing Home, Inc. of Minnesota, ) | **RECONSIDER AND MOTION TO** |
| Veronica Harris-Barker, Blanch James, ) | **CERTIFY QUESTION TO THE** |
| Yolanda D. Wilson, Thompson Child & ) | **SOUTH CAROLINA SUPREME COURT** |
| Family Focus f/k/a Episcopal Church ) | |
| Home for Children (South Carolina), and ) | |
| Kathryn B. Peterson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

By Order filed January 28, 2016, this Court granted the motion to dismiss filed by the Defendant South Carolina Department of Social Services (DSS), thereby finding that S.C. Code Ann. § 15-78-110 controls as the applicable statute of limitations for the Plaintiff's tort claims against DSS. (Dkt. #39). The Plaintiff has now filed a motion to reconsider the dismissal order pursuant to Rule 59(e), FRCP. (Dkt. #41). In addition, the Plaintiff requests that the Court certify the statute of limitations issue just decided by the Court to the South Carolina Supreme Court. The Defendant DSS opposes the motion to reconsider as well as the request for certification.

1

The Fourth Circuit Court of Appeals has recognized that there are only three limited bases for a district court to grant a Rule 59(e) motion:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Pacific Ins. Co. v. American National Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

The present motion does not meet *any* of these limited bases.  In his motion, the Plaintiff claims in a conclusory fashion that "there is a clear error of law in the Court's ruling."  *See*, Plaintiff's Motion to Reconsider, p. 3 of 6.  The Plaintiff does not, however, address what that "clear error" may be.  Suffice it to say, the brief statement set forth in the Plaintiff's motion does not show any clear error of law nor any manifest injustice that will occur.  To the contrary, the Court has correctly and thoroughly addressed the substantive issues on which the well-reasoned dismissal order was granted.

Instead of addressing any of the three limited bases for a district court to grant a Rule 59(e) motion, the Plaintiff instead raises a new constitutional issue for the first time in his Rule 59(e) motion.  In *Pacific Ins. Co. v. American National Fire Ins. Co.*, 148 F.3d 396 (4th Cir. 1998), the Fourth Circuit cautioned that "Rule 59(e) motions may not be used ... to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  148 F.3d at 403.  Yet, that is precisely what the Plaintiff has done – he appears to argue that the application of the shorter Tort Claims Act statute of limitations to "sexual abuse" tort claims brought against a governmental entity somehow violates equal protection.

Even if the Court were to address the merits of this new and untimely argument, it is clear that the Plaintiff's position lacks merit. In fact, the South Carolina Supreme Court has already addressed this very issue. In *Murphy v. Richland Memorial Hospital*, 317 S.C. 560, 455 S.E.2d 688 (1995), the Supreme Court rejected an equal protection challenge to the application of the Tort Claims Act statute of limitations in a medical malpractice action against a governmental entity. The Supreme Court framed the issue as follows:

> Murphy next contends having a two year statute of limitations for victims injured by governmental hospitals while having a three year statute of limitations for victims injured by private hospitals violates the Equal Protection Clause of the United States Constitution and the South Carolina Constitution. We disagree.

455 S.E.2d at 689. The Supreme Court explained in detail how a shorter statute of limitations rests on a rational basis that passes constitutional muster. The Court held as follows:

> In enacting such a limited waiver of immunity, it appears to us rational for the state to limit actions to those instances when the governmental entity is given reasonably early notice of the claim. A shorter statute of limitations period can be said to be rationally designed to minimize the undue burden on the public entity brought by late filed claims which increase the cost of litigation and reduce the likelihood of settlement by making the full investigation of a claim a difficult, time and money consuming process. Accordingly, we find no equal protection violation.

455 S.E.2d at 690. (Citations omitted). The same would be true in applying the shorter statute of limitations from the Tort Claims Act to all tort claims against governmental entities, even those purportedly premised on acts of "sexual abuse."

In addition to his equal protection argument, the Plaintiff also pursues a new procedural strategy after this Court has already ruled on the merits adversely to him. The Plaintiff now asks this Court to certify to the South Carolina Supreme Court the very legal issue on which this Court has already ruled in granting DSS's motion to dismiss. There is no basis for certification in this

case.

The Fourth Circuit has held that "there is no need for certification where the answer to the question sought to be certified is reasonably clear." *Simpson v. Duke Energy Corp.*, 191 F.3d 448 (4th Cir. 1999) (table). "Where there is no case law from the forum state which is directly on point, the district court must attempt to do as the state court would do if confronted with the same fact pattern." *Id.*, *citing Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994). "Only if the available state law is clearly insufficient should the court certify the issue to the state court." *Roe*, 28 F.3d at 407.

On the statute of limitations issue before this Court, the available state law is sufficiently clear. The Court need not look beyond the South Carolina Supreme Court's decision in *Murphy v. Richland Memorial Hospital*, 317 S.C. 560, 455 S.E.2d 688 (1995), where that Court rejected the argument that the specific statute of limitations applicable to medical malpractice actions was applicable to a medical malpractice action against a governmental entity. As this Court correctly observed, "the South Carolina Supreme Court has held that the two-year statute of limitations provided by the SCTCA controls even in a medical malpractice action against a governmental entity where there was a statutory provision setting forth a medical malpractice statute of limitations." (Dkt. #39, p. 6 of 8).

As DSS has previously argued, the *Murphy* decision fully supports its position and makes this Court's ruling on the statute of limitations issue abundantly clear. To reiterate, even though South Carolina law has a statute of limitations applicable strictly to medical malpractice actions, the statute of limitations contained in the Tort Claims Act controls. The same is true with "sexual abuse" claims. Even though the General Assembly adopted a statute of limitations for "sexual abuse" actions, the statute of limitations contained in the Tort Claims Act controls in a

4

tort action brought against a governmental entity such as DSS. Given the clear holding in *Murphy* and its analogous application to the present case, there is really no basis for certification.

Moreover, the Fourth Circuit's decision in *Roe v. Doe*, 28 F.3d 404 (4th Cir. 1994), is also uniquely instructive on this issue. *Roe* is a case involving the application of South Carolina law and specifically "whether the South Carolina statute of limitations and discovery rule should be applied differently to plaintiffs in repressed recollection childhood sexual abuse cases than to plaintiffs in cases not involving repressed recollection." 28 F.3d at 406. The District Court, through Judge David Norton, granted the defendants' motion to dismiss the action as barred by the statute of limitations, and in doing so, Judge Norton denied a motion to certify the statute of limitations issue to the South Carolina Supreme Court. The plaintiff appealed the denial of certification. In affirming Judge Norton's rulings, the Fourth Circuit concluded that South Carolina law on the statute of limitations issue was "quite plain," and the Court further explained that "[t]here was no error in the trial court's declining to certify the issue to the Supreme Court of South Carolina." 28 F.3d at 408.

The same is absolutely true in the case at bar as well. As was the case in *Roe*, South Carolina law as espoused in *Murphy* is reasonably clear or, as articulated in *Roe*, it is "quite plain." There is simply no basis or reason for this Court to certify the statute of limitations issue to the South Carolina Supreme Court. This Court's decision is well-reasoned and based on South Carolina controlling authority. In *Boyter v. Commissioner of Internal Revenue Service*, 668 F.2d 1382 (4th Cir. 1981), the Fourth Circuit cautioned that "federal courts should take care not to burden their state counterparts with unnecessary certification requests." 668 F.2d at 1385, n.5. In this case, certification is simply unnecessary and should be denied.

Hence, for the foregoing reasons, the Defendant South Carolina Department of Social Services respectfully requests that this Court deny the Plaintiff's motion to reconsider as well as the request for certification.

Respectfully submitted,

DAVIDSON & LINDEMANN, P.A.

BY:*s/ Andrew F. Lindemann*
ANDREW F. LINDEMANN#5070
JOEL S. HUGHES#9796
1611 Devonshire Drive
Post Office Box 8568
Columbia, South Carolina 29202
TEL: (803) 806-8222
FAX: (803) 806-8855
E-MAIL: alindemann@dml-law.com

*Counsel for Defendant South Carolina Department of Social Services*

Columbia, South Carolina

February 16, 2016