

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| K. C.,<br>　　　　Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT OF<br>SOCIAL SERVICES (SCDSS); SOUTH<br>CAROLINA YOUTH ADVOCATE<br>PROGRAM, INC.; GROWING HOME<br>SOUTHEAST, INC.;  GROWING HOME,<br>INC. OF MINNESOTA; VERONICA<br>HARRIS-BARKER; BLANCH JONES;<br>YOLANDA D. WILSON; THOMPSON<br>CHILD & FAMILY FOCUS, formerly known<br>as Episcopal Church Home for Children<br>(South Carolina); and KATHRYN B.<br>PETERSON,<br>　　　　Defendants. | CIVIL ACTION NO. 3:15-04670-MGL |

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND**

### I.　INTRODUCTION

This case was filed pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act (SCTCA), S.C. Code Ann. § 15-78-10.  The Court has jurisdiction over the matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Pending before the Court is Plaintiff's Federal Rule of Civil Procedure 59(e) motion to alter or amend the Court's Order granting Defendant SCDSS's motion to dismiss, or, in the alternative, to certify a question of law to the South Carolina Supreme Court.

Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court that Plaintiff's motion will be denied.

## II.     PROCEDURAL HISTORY

The factual history of this case is well-known to the parties, and thus, the Court need not reiterate the facts here. Regarding the procedural history as is relevant here, the Court granted Defendant SCDSS's motion to dismiss on January 28, 2016, holding that S.C. Code Ann. § 15-78-110 controls as the applicable statute of limitations for Plaintiff's tort claims against Defendant SCDSS. ECF No. 39. Then, on February 5, 2016, Plaintiff filed his motion under Rule 59(e) to alter or amend the Court's Order granting Defendant SCDSS's motion to dismiss, or, in the alternative, to certify a question of law to the South Carolina Supreme Court. ECF No. 41. Defendant SCDSS filed a response in opposition on February 16, 2016. ECF No. 43. The Court, having been fully briefed on the relevant issues, is now prepared to make a determination on the merits of the motion.

## III.    CONTENTIONS OF THE PARTIES

Under Rule 59(e), Plaintiff requests the Court alter or amend its Order granting Defendant SCDSS's motion to dismiss, or, in the alternative, to certify a question of law to the South Carolina Supreme Court. Plaintiff contends the Court made a clear error of law by holding that § 15-78-110 controls as the applicable statute of limitations for Plaintiff's tort claims against Defendant SCDSS. Alternatively, Plaintiff asks the Court to certify a question of law to the South Carolina Supreme Court; namely, whether the two-year statute of limitations in § 15-78-110 or the sexual abuse statute

of limitations in S.C. Code Ann. § 15-3-555 controls as the applicable statute of limitations for Plaintiff's tort claims against Defendant SCDSS. Defendant SCDSS opposes both requests.

**IV.     DISCUSSION AND ANALYSIS**

There are only three limited bases for a district court to grant a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Id.* at 1082. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

Here, Plaintiff alleges, as he must, that the Court made a clear error of law in its ruling. ECF No. 41 at 3. Specifically, Plaintiff relies on *Green ex rel. Green v. Lewis Truck Lines, Inc.*, 433 S.E.2d 844, 845-46 (S.C. 1993), for the proposition that the Court violated Plaintiff's right to equal protection by holding that the two-year statute of limitations controls as the applicable statute of limitations for Plaintiff's tort claims against Defendant SCDSS. ECF No. 41 at 3-4. However, Plaintiff's argument is meritless. In *Green*, the court found an equal protection violation because the statute at issue did not allow for tolling of a minor's claim against a governmental entity. 433 S.E.2d at 845-46. In stark contrast, the SCTCA provides for tolling of the statute of limitations for Plaintiff's claims against Defendant SCDSS during the time in which Plaintiff was a minor, allowing a minor to bring an action under the SCTCA until the age of nineteen. S.C. Code Ann. § 15-3-40.

3

Therefore, there is no equal protection violation in this case, and the Court will deny Plaintiff's 59(e) motion to alter or amend the Court's Order granting Defendant SCDSS's motion to dismiss.

Regarding Plaintiff's alternative request to certify the question of law to the South Carolina Supreme Court, the Fourth Circuit has held that "where there is no case law from the forum state which is directly on point, the district court [must] attempt[] to do as the state court would do if confronted with the same fact pattern." *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994). "Only if the available state law is clearly insufficient should the court certify the issue to the state court." *Id.* Further, "federal courts should take care not to burden their state counterparts with unnecessary certification requests." *Boyter v. Comm'r*, 668 F.2d 1382, 1385 n.5 (4th Cir. 1981). Consequently, if the answer to the issue sought to be certified is reasonably clear, no need for certification exists. Here, the statute of limitations issue before the Court is reasonably clear, thus making certification of the question to the South Carolina Supreme Court unwarranted.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Plaintiff's Federal Rule of Civil Procedure 59(e) motion to alter or amend the Court's Order granting Defendant SCDSS's motion to dismiss, or, in the alternative, to certify a question of law to the South Carolina Supreme Court is **DENIED**.

**IT IS SO ORDERED**.

Signed this 18th day of February, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
